IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS,<br>an individual,<br><br>    Plaintiff,<br>v.<br><br>UNITED EQUITIES INCORPORATED,<br>a Texas Corporation,<br><br>2ML REAL ESTATE INTERESTS, INC.,<br>a Texas Corporation,<br><br>and<br><br>BELLAIRE DEVELOPMENT<br>COMPANY, LLC,<br>a Texas Limited Liability Company,<br><br>    Defendants. | Case No.:    4:20-cv-00421 |

## COMPLAINT

Plaintiff, WAYNE THOMAS, through his undersigned counsel, hereby files this Complaint and sues UNITED EQUITIES INCORPORATED, a Texas Corporation, 2ML REAL ESTATE INTERESTS, INC., a Texas Corporation, and BELLAIRE DEVELOPMENT COMPANY, LLC, a Texas Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested

with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.	Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendants' Property, which is the subject of this action, is located in Harris County, Texas.

3.	Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or "Plaintiff"), is a resident of the State of Texas in Harris County.

4.	MR. THOMAS is a qualified individual with a disability under the ADA.  MR. THOMAS is paralyzed from the waist down.  MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5.	Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6.	Defendant, UNITED EQUITIES INCORPORATED, a Texas Corporation (hereinafter referred to as "UNITED" or collectively as "Defendants"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Bellaire Gessner Shopping Center, generally located at 8880 Bellaire Blvd., Houston, Texas 77036.

7.	Defendant, 2ML REAL ESTATE INTERESTS, INC., a Texas Corporation (hereinafter referred to as "2ML" or collectively as "Defendants"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Fiesta Mart, generally located at 8700 Bellaire Blvd., Houston, Texas 77036.

8.	Defendant, BELLAIRE DEVELOPMENT COMPANY, LLC, a Texas Limited

Liability Company (hereinafter referred to as "BELLAIRE" or collectively as "Defendants"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Bellaire Gessner Shopping Center, generally located at 8702 Bellaire Blvd., Houston, Texas 77036.

9. All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

10. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

11. The Property, a large retail center, is open to the public and provides goods and services to the public.

12. Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

13. During his visit, MR. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

14. MR. THOMAS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

15. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A.    Plaintiff encountered inaccessible parking designated for disabled use throughout the Property due to improper placement of ramps in access aisles;

    B.    Plaintiff encountered large sections of the Property that lacked any designated accessible parking;

    C.    Plaintiff encountered inaccessible routes and curb ramps leading to the entrances to Below Dollar and Fiesta Mart due to excessive cross slopes;

    D.    Plaintiff encountered inaccessible routes and curb ramps leading to the entrances due to pavement in disrepair and merchandise blocking the routes; and

    E.    Plaintiff encountered inaccessible parking spots due to lack of signage;

    F.    Plaintiff encountered inaccessible parking due to lack of access aisles.

16.    Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

17.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.    Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19.    Removal of the barriers to access located on the Property is readily achievable,

structurally feasible and easily accomplishable without placing an undue burden on Defendants.

20. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendants are in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just

and proper.

By:    */s/ Louis I. Mussman*
       Louis I. Mussman
       Attorney-in-charge
       Florida Bar No. 597155
       S.D. TX No. 2274288
       Ku & Mussman, P.A.
       18501 Pines Boulevard, Suite 209-A
       Pembroke Pines, FL 33029
       Tel: (305) 891-1322
       Fax: (305) 891-4512
       Louis@KuMussman.com

and

John K. Grubb
Local Counsel
State Bar No. 08553500
John K. Grubb & Associates
4550 Post Oak Place, Suite 201
Houston, TX 77027
Tel: (713) 877-8800
Fax: (713) 877-1229
johnkgrubb@grubblegal.com

*Attorneys for Plaintiff*